IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ANN L. WORTH** | * | **CIVIL ACTION NO.:** |
| **VERSUS** | * | **JUDGE:** |
| **THE STANDARD FIRE INSURANCE COMPANY** | * | **MAGISTRATE JUDGE:** |

*****************************************************************************

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

**NOW INTO COURT,** through undersigned counsel, comes Complainant, Ann L. Worth (hereinafter "Complainant"), and files her Complaint against Defendant, The Standard Fire Insurance Company (hereinafter "Defendant" or "SFIC") respectfully averring as follows:

**I. PARTIES**

**1.**

Made Plaintiff herein is **ANN L. WORTH**, a person of the full age of majority who is a citizen of the State of Louisiana and the Parish of St. Tammany.

**2.**

Made Defendant herein is **THE STANDARD FIRE INSURANCE COMPANY** ("Defendant" or "SFIC"), a corporation domiciled and incorporated in the State of Connecticut, with its principal place of business is in Connecticut; Defendant is a citizen of Connecticut, authorized to do and doing business in the State of Louisiana and the Parish of St. Tammany, which may be served through its Registered Agent for Service of Process, the Louisiana Secretary of State, at 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## II. JURISDICTION AND VENUE

**3.**

Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. §§ 1332 and 1441 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

**4.**

Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District; the property that is subject to the dispute between Complainant and Defendant is located in this District, and Complainant is a citizen of this District.

## III. RELEVANT FACTS

**5.**

At all relevant times hereto, Complainant owned the property located at 60007 Oaklawn Avenue Lacombe, Louisiana 70445 (the "Property").

**6.**

At all relevant times hereto, Defendant provided a policy of insurance, number 0Q2000-0384807086339 (the "Policy"), to Complainant, which covered the Property against perils, including wind/hurricanes and provided the following coverages: $94,000.00 for Dwelling; $9,400.00 for Other Structures; $65,800.00 for Personal Property; and $18,800.00 for Loss of Use; *inter alia*.

**7.**

On or around August 29, 2021, Hurricane Ida caused significant damage to Complainant's Property.

**8.**

Complainant promptly reported the loss to Defendant, who assigned it claim number IRL0114 (the "Ida Claim").

**9.**

As soon as practicable, Complainant took steps to mitigate damage to the Property at her own expense and to the best of her ability under the circumstances.

**10.**

On or about September 24, 2021, Defendant dispatched an adjuster to inspect the Property, who documented $29,900.45 in damages to the dwelling and other structures, but after over depreciating the loss and applying the Policy's deductible, Defendant allowed Complainant only $10,832.62.

**11.**

Defendant's inspection of the Property constitutes satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

**12.**

Complainant was unable to make meaningful repairs to the Property with the meager proceeds allowed by Defendant.

**13.**

Defendant acted in Bad Faith by underpaying the Complainant's losses and failing to make timely and adequate payments for Complainants losses.

**14.**

As a result, Complainant was forced to incur the expense of retaining counsel and other

expenses to prosecute her claim.

**15.**

On or about December 16, 2021, Complainant retained ATA Loss Consulting ("ATA") to inspect the Property on behalf of Complainant and document their findings. ATA discovered $139,942.51 in damages to the dwelling as well as $73,885.47 in damages to other structures.

**16.**

On or about May 19, 2022, a demand for the release of unconditional tenders in the amount of 213,827.98 was submitted to Defendant, along with the ATA estimate, photo report, and hover report, demonstrating Complainants losses.

**17.**

This submission constitutes satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

**18.**

On or about July 28, 2022, a demand for the release of unconditional tenders in the amount of $8,585.77 was submitted to Defendant along with food spoilage and damaged contents lists demonstrating Complainant's losses.

**19.**

This submission constitutes satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§22:1892 and 22:1973.

**20.**

Defendant's failure to comply with the terms of its own Policy caused and continues to cause significant delays to the repair of Complainant's Property.

**21.**

Upon information and belief, Defendant purposely and/or negligently failed to timely tender adequate insurance proceeds due to Complainant after having received satisfactory proof of loss.

**22.**

Upon information and belief, Defendant purposely and/or negligently misrepresented to Complainant the terms and conditions of the Policy.

**23.**

Upon information and belief, Defendant conducted the investigation and claims handling for Complainant's Ida Claim in bad faith, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

**24.**

Upon information and belief, Defendant manipulated the pricing software to artificially suppress the cost of repairs below market value.

**25.**

Upon information and belief, Defendant purposefully and/ or negligently failed to include adequate overhead and profit in its estimates of damages.

**26.**

Complainant has incurred additional expenses in making repairs due to Defendant's failure to timely and adequately compensate her for her losses under the Policy.

**27.**

Complainant has incurred professional expenses, including expert and/or attorney's fees, to prosecute her claim after Defendant failed to adequately and timely pay Complainant's losses under the Policy.

## IV. CAUSES OF ACTION

### A. Breach of Contract

**28.**

Complainant realleges and re-avers the allegations contained in the proceeding paragraphs above, as if restated herein.

**29.**

Defendant owes a duty to their policyholders to make prompt and proper payment for all claims and to make their policy limits available to Complainant for their losses; These duties arise from the Policy itself, Louisiana jurisprudence, and duties implied in every contract in Louisiana.

**30.**

Complainant has now suffered covered losses under the Policy.

**31.**

Defendant breached their contractual duties and failed to provide timely and adequate insurance coverage to Complainant by:

   a. Failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss;

   b. Purposely and/ or negligently misrepresenting to Complainant the terms and conditions of the Policy;

   c. Failing to conduct the claims handling for Complainant's Ida claim in good faith

    and with fair dealing;

    d. Manipulating their pricing software to artificially suppress the cost of repairs below market value;

    e. Failing to include adequate overhead and profit in its estimates of damages.

**32.**

Complainant has suffered and continues to suffer damages as a result of these breaches of the Policy.

### B. Bad Faith

**33.**

Complainant realleges and re-avers the allegations contained in the proceeding paragraphs above as if restated herein.

**34.**

Defendant, at all relevant times, owed a duty of good faith and fair dealing to Complainant in the handling and administration of her Ida Claim.

**35.**

The actions and/ or inactions of Defendants in failing to timely and adequately compensate Complainant for the covered losses under the Policy were arbitrary, capricious, and without probable cause—as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Defendant liable for statutory bad faith penalties.

**36.**

Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious, or without probable cause is in violation of La. R.S. § 22:1973.

**37.**

"[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

**38.**

La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

**39.**

Defendant is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Complainant adequate payment in connection with their damages, despite having received satisfactory proof of loss following its own inspection of the Property, and following receipt of independent proofs of loss from Complainant.

**40.**

Defendant's misrepresentation of the terms of the Policy was in bad faith.

**41.**

Defendant's failure to pay timely and adequately for damages it knew, or should have known existed at the time of the initial adjustment of the relevant claim(s) was in bad faith.

**42.**

Defendant's handling of Complainant's Ida claim was in bad faith.

**43.**

Defendant's breach of the aforementioned duties was the direct and proximate cause of the harm suffered by Complainant, and but for their breach, the harm suffered by Complainant would

have been avoided.

**44.**

Due to Defendant's failure to pay Complainant the benefits afforded to her under the terms of the Policy in a adequate and timely manner, under the facts presented, Complainant has suffered monetary loss, emotional distress and mental anguish, and other damages in an amount to be determined at trial.

### IV. DAMAGES

**45.**

Complainant realleges and re-avers the allegations contained in the preceding paragraphs above, as if restated herein.

**46.**

As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, Complainant has incurred the following, non-exclusive damages:

a. Diminution of the value of the Property;

b. Actual repair costs;

c. Reimbursement for personal repairs at the Property;

d. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

e. Mental anguish;

f. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973; and

g. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

**47.**

Complainant requests a trial by Jury.

**WHEREFORE**, Complainant, Ann L. Worth, prays that Defendant, The Standard Fire Insurance Company, be served with a copy of this Complaint, and after being duly cited to appear and answer hereto, and after the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Complainant, and against Defendant as alleged, together with legal interest, and for all costs of these proceedings including expert witness fees to be taxed as costs of court, attorney's fees and expenses, and for all legal and equitable relief this honorable court shall deem appropriate.

**RESPECTFULLY SUBMITTED:**

*W. Parker Logan*
_____
W. Parker Logan, La. Bar No. 39259
Galen M. Hair, La. Bar No. 32865
**HAIR SHUNNAH TRIAL ATTORNEYS, LLC.**
**d/b/a INSURANCE CLAIM HQ**
**d/b/a INSURANCE CLAIM LAWYERS, INC.**
3540 S I-10 Service Rd W, Ste, 300
Metairie, Louisiana 70001
Telephone: 504.684.5200
Facsimile: 504.613.6351
plogan@hstalaw.com
hair@hstalaw.com

**PLEASE SERVE:**
**The Standard Fire Insurance Company**
*Through its Registered Agent of Service of Process:*
Agent: Louisiana Secretary Of State
8585 Archives Ave.
Baton Rouge, LA 70809